UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALPHALON CORPORATION,

      Plaintiff,

  v.                           NO. CIV. S-05-0971 WBS DAD

MEYER CORPORATION, U.S.,

      Defendant.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August 15, 2005, and makes the following findings and orders without needing to consult with the parties any further:

I.    SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

II.    JOINDER OF PARTIES/AMENDMENTS No further joinder

of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).  See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

### III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. § 1331 (federal question), § 1338(a)(United States Copyright Law), §§ 2201, 2202 (declaratory judgment), § 1367 (supplemental jurisdiction) and pursuant to 15 U.S.C. § 1121 (alteration of registered mark).  Venue is undisputed and is hereby found to be proper under 28 U.S.C. 1391 and 1400(b)

### IV. <u>DISCOVERY</u>

The parties have stipulated that each party will serve the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no later than August 8, 2005.

The parties shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than February 28, 2006.

 With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Fed. R. Civ. P. 26(a)(2) on or before March 31, 2006. Expert discovery will close no later than April 14, 2006.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by February 17, 2006.  The word "completed" means that all discovery shall have been conducted

so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than February 17, 2006.

V. <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be filed on or before May 5, 2006.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI. <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for July 17, 2006 at 10:00 a.m.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those

statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.    TRIAL SETTING

The trial is set for September 12, 2006 in Courtroom No. 5 at 9:00 a.m.

VIII.   SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be

disclosed to the trial judge.

        IX.   <u>MODIFICATIONS TO SCHEDULING ORDER</u>

        Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge.  All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only the undersigned judge.

DATED:  August 4, 2005.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5