UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALPHALON CORPORATION,

    Plaintiff,

  v.

MEYER CORPORATION, U.S.,

    Defendant.
_____

MEYER CORPORATION, U.S. and MEYER INTELLECTUAL PROPERTIES LIMITED,

    Counterclaimants,

  v.

CALPHALON CORPORATION,

    Counterdefendant.

NO. CIV. S-05-0971 WBS DAD

MEMORANDUM AND ORDER
RE: MOTION TO DISMISS

----oo0oo----

Plaintiff-counterdefendant Calphalon Corporation ("Calphalon") filed a complaint charging defendant-counterclaimant Meyer Corporation, U.S. ("Meyer") with violating 35 U.S.C. § 271 (infringement of patent) by infringing Calphalon's design patent on a handle for cookware.  (See Stipulation to File Second Am. Compl. Ex. 1 ("Second Am.

1

Compl.")).  Meyer in turn asserted counterclaims for, <u>inter</u> <u>alia</u>, (1) false advertising in violation of 15 U.S.C. § 1125(a) (the Lanham Act) and California Business and Professions Code §§ 17500 (false advertising) and 17200 (unfair competition by false advertising) (<u>see</u> Def.'s Fourth, Fifth, and Sixth Counterclaims (collectively "false advertising counterclaims")); and (2) for patent infringement in violation of 35 U.S.C. § 1 <u>et</u> <u>seq.</u> (the Patent Act) (<u>see</u> Def.'s Third Counterclaim).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Calphalon has moved to dismiss the false advertising counterclaims for failure to state a claim and to dismiss Meyer's patent infringement counterclaim for lack of standing.  In response to Calphalon's motion to dismiss, Meyer has amended its patent infringement counterclaim to join Meyer Intellectual Properties Limited ("MIPL") as an additional counterclaimant.[1]  Jurisdiction is predicated on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (civil action arising under any Act of Congress relating to patents), and 28 U.S.C. § 1367 (supplemental jurisdiction).

I.   <u>Factual & Procedural Background</u>

Meyer is a Delaware corporation, with its principal place of business in Vallejo, California.  (Def.'s First Am. Countercl. ¶ 1).  MILP is organized under the laws of the British Virgin Islands.  (<u>Id.</u> ¶ 2).  Calphalon is a Delaware Corporation with its principal place of business in Illinois.  (<u>Id.</u> ¶ 3).  On

---

[1] Calphalon states in its reply that it does not challenge the joinder of MIlP as an additional counterclaimant on the patent infringement claim on this motion to dismiss.  (Pl.'s Reply at 5-6).

2

1  August 10, 2004, the United States Design Patent D494,007 ("the
2  '007 Patent") was duly issued by the United States Patent and
3  Trademark Office.  Since that date, MILP has been and still is
4  the owner of the '007 patent.  (Id. ¶ 18).  Meyer is an exclusive
5  licensee of the '007 Patent.  (Id. ¶ 19).
6           Counterclaimants allege that Calphalon "has been and
7  still is infringing the '007 Patent by making, using, selling,
8  and offering to sell products (the Calphalon One Infused Anodized
9  Sauce Pans) embodying the patent invention."  (Id. ¶ 22).  They
10 further allege that Calphalon's infringement of the '007 Patent
11 is willful, deliberate and intentional.  (Id. ¶ 24).
12          According to Meyer,[2] Calphalon has also advertised and
13 promoted, and continues to advertise and promote, its Calphalon®
14 Contemporary Nonstick line of products.  (Id. ¶ 28).  Calphalon
15 allegedly represents in its advertising and promotional materials
16 that the design of the handle sold with this cookware is
17 functional in that it stays cool while cooking.  (Id. ¶ 37).
18 Packaging for Calphalon's Contemporary Nonstick Daily Sizzle 10"
19 Omelet Pan with Cover also allegedly promotes the functionality
20 of the cookware handle designs as a "stay cool long handle [sic]
21 Comfortable through hours of stovetop cooking."  (Id. ¶ 29).
22 Calphalon's website also states that "The rolled stainless steel
23 Cool Touch handle . . . stays cool on the stove top." (Id. ¶ 30).
24          Meyer alleges that, in prosecuting the application for
25 a separate patent and in bringing this action, Calphalon has

---

[2] Meyer is the sole counterclaimant as to the false advertising counterclaims. (See First Am. Counterclms. ¶¶ 27-45).

3

asserted that the "stay-cool" features marketed as functional are actually nonfunctional and protectable both as a design patent and under the California Unfair Business Practices Act. (Id. ¶ 31). Meyer alleges "[u]pon information and belief, [that] these statements actually deceived or have the tendency to deceive a substantial segment of consumers who were induced to believe that the elements depicted and described serve to keep the cookware handle cool." (Id. ¶ 32). Finally, Meyer alleges that it "denies" that the features of Calphalon's Contemporary Nonstick cookware handles are ornamental and nonfunctional, but that to the extent they are, Calphalon has somehow misrepresented the nature, characteristics, and qualities of its goods, and misled the public. (See id. ¶¶ 33, 40, 43).

II. Discussion

    A.   Standard For Motion to Dismiss

        On a motion to dismiss, the allegations of a countercomplaint must be taken as true and read in the light most favorable to the counterclaimant. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249 (1989); Cruz v. Beto, 405 U.S. 319, 322 (1972). The court may not dismiss for failure to state a claim unless it appears beyond doubt that the counterclaimant can prove no set of facts in support of the claim which entitle him or her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Dismissal is appropriate only when the counterclaimant fails to put forth either: (1) a cognizable legal theory, or (2) sufficient allegations of fact under a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Dismissal must not be granted if the counterclaimant has

1  met the liberal standard of notice pleading enshrined in Federal
2  Rule of Civil Procedure 8(a).  See <u>Swierkiewicz v. Sorema, N.A.</u>,
3  534 U.S. 506, 514 (2002); <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d
4  1058, 1062 (9th Cir. 2004).  A counterclaim may survive a motion
5  to dismiss even where it contains inconsistent allegations.  <u>See
6  Kiss Catalog v. Passport Int'l Prods.</u>, 350 F. Supp. 2d 823, 827
7  (C.D. Cal. 2004)(pleading inconsistent claims not enough to
8  justify dismissal under Rule 12(b)); <u>see</u> <u>also</u> Fed. R. Civ. P.
9  8(e).
10      B.   <u>False Advertising Counterclaims</u>
11           Calphalon contends that Meyer's counterclaims for false
12 advertising under 15 U.S.C. § 1125(a) and California Business and
13 Professions Code §§ 17200 and 17500 fail and should be dismissed
14 because Meyer fails to allege that Calphalon made any false or
15 misleading statements.  To state a claim for false advertising
16 against Calphalon under any of these statutes, Meyer must indeed
17 allege that Calphalon made false or misleading statements of fact
18 in the subject advertisements.  <u>Rice v. Fox Broad. Co.</u>, 330 F.3d
19 1170, 1180 (9th Cir. 2003)(noting that party bringing false
20 advertising claim under 15 U.S.C. § 1125(a) must show that
21 "defendant made false statements of fact about its own or
22 another's product. . . ."); <u>Conifer Secs., LLC v. Conifer Capital
23 LLC</u>, 2003 U.S. Dist. LEXIS 5859, *6 (N.D. Cal. 2003) (noting that
24 "[t]o prevail on a claim for false advertising under Cal. Bus. &
25 Prof. Code § 17500, a plaintiff must show that . . . defendant
26 made a statement . . . that is untrue or misleading . . .");
27 <u>Lavie v. Procter & Gamble Co.</u>, 105 Cal. App. 4th 496, 506-07
28 (2003)(holding that to state claim for false advertising in

5

1  violation of California Business and Professions Code § 17200,
2  plaintiff must show that reasonable consumer is likely to be
3  deceived).

4      Meyer alleges that Calphalon represents in its
5  advertising and promotional materials that the design of the
6  handle sold with Calphalon's cookware is functional in that it
7  stays cool while cooking.  (Def.'s First Am. Countercl. ¶ 37).
8  Meyer also alleges that Calphalon's product's "Cool Touch Handle
9  . . . stays cool on the stove top."  (Id. ¶ 30).  Meyer further
10 alleges that "these statements actually deceived or have the
11 tendency to deceive a substantial segment of consumers who were
12 induced to believe that the elements depicted and described serve
13 to keep the cookware handle cool."  (Id. ¶ 32).  This is
14 sufficient to meet the liberal notice pleading standard of Rule 8
15 required to survive a Rule 12(b)(6) motion to dismiss.  See
16 Swierkiewicz, 534 U.S. at 514; Edwards, 356 F.3d at 1062.

17     The fact that other portions of Meyer's counterclaim
18 may seem inconsistent with Meyer's claim that Calphalon's
19 advertisements are misleading is of no moment.  Meyer
20 specifically alleges (in its Fourth and Fifth counterclaims, the
21 allegations of which are incorporated in its Sixth counterclaim)
22 that it "denies" that Calphalon's cookware handles are
23 nonfunctional.  (Id. ¶ 33, 40, 42).  This could be interpreted to
24 suggest that the handles are in fact functional and do stay cool.
25 However, at this stage of the litigation, the court is bound to
26 read Meyer's counterclaims in the light most favorable to Meyer,
27 H.J. Inc., 492 U.S. at 249, undeterred by any apparent
28 inconsistency in the pleadings.  Kiss Catalog, 350 F. Supp. 2d at

827.  Therefore, Calphalon's motion to dismiss Meyer's false advertising counterclaims must be denied.

    C.    <u>Patent Infringement Counterclaim</u>

Calphalon originally contended that Meyer did not have standing to bring this claim because it neither alleged that it was an exclusive licensee nor joined MILP, the alleged assignee of the '007 patent, as a counterclaimant in its original Counterclaims.  (<u>See</u> Pl.'s Mem. of P. & A. in Supp. of Mot. to Dismiss at 6-7).

A licensee is not entitled to bring suit in its own name as a patentee, unless it is an exclusive licensee and holds all substantial rights under the patent. <u>Biagro W. Sales, Inc. v. Helena Chem. Co.</u>, 160 F. Supp. 2d 1136, 1143 (E.D. Cal. 2001). Where the exclusive licensee is not granted all substantial rights in the patent, the exclusive licensee has standing to sue third parties only as a co-plaintiff with the patentee. <u>Id.</u> A "'patentee' is defined as including 'not only the patentee to whom the patent was issued but also the successors in title to the patentee.'" <u>Mentor H/S, Inc. v. Med. Device Alliance, Inc.</u>, 240 F.3d 1016, 1017 (Fed. Cir. 2001)(citing 35 U.S.C. § 100(d)).

Meyer has never alleged that it holds all substantial rights under the '007 patent.  (<u>See</u> Def.'s Answer to Pl.'s Second Am. Compl. & Countercls.; Def.'s First Am. Countercls.). Therefore, to have standing to sue Calphalon for infringing the '007 patent, Meyer must not only be an exclusive licensee but must join the patentee in the counterclaim. <u>Biagro</u>, 160 F. Supp. 2d at 1143.  In its original counterclaim, Meyer failed to allege that it was an exclusive licensee of the '007 patent and failed

7

to join MILP, the assignee/patentee of the '077 patent, as a counterclaimant.  (See generally Def.'s Answer to Pl.'s Second Am. Compl. & Countercls.).  However, Meyer rectified the latter omissions in its First Amended Counterclaims by alleging that it is in fact an exclusive licensee of the '007 patent and by joining MILP, the assignee/patentee, as a counterclaimant. (See Def.'s First Am. Countercls. ¶¶ 18-19).  These amendments establish that Meyer has standing to bring this counterclaim. Biagro, 160 F. Supp. 2d at 1143.  Calphalon tacitly acknowledges this in a footnote in its reply wherein it states that it "is not moving to dismiss Meyer [] and [MILP]'s [p]atent [c]laim in the Amended Counterclaims, as part of [its motion to dismiss]." (Pl.'s Reply at 1 n.1).  Therefore, Calphalon's motion to dismiss this counterclaim for lack of standing must be denied.

     D.   Markman Hearing

         At oral argument, the parties turned the court's attention to the fact that, in a recently filed status report, Calphalon had proposed that the court hold a Markman hearing to determine the proper construction of the patents at issue in this litigation.  After reviewing the joint status report, the court notes that Meyer represented that it was unsure about whether a Markman hearing was necessary.  (See August 1, 2005 Joint Status Report at 12).  Therefore, if the parties agree that a Markman hearing is necessary, they may contact the court clerk to schedule the hearing.  If the parties disagree as to whether the

///
///
///

1  hearing is necessary, the question will be decided at the final
2  pretrial conference set for July 17, 2006.
3              IT IS THEREFORE ORDERED that:
4              (1) plaintiff's motion to dismiss defendant's third,
5  fourth, fifth, and sixth counterclaims for patent infringement
6  under 35 U.S.C. § 1 et seq. and false advertising under 15 U.S.C.
7  § 1125(a), and California Business and Professions Code §§ 17200
8  and 17500 be, and the same hereby is, DENIED; and
9              (2) any Markman hearing be set as provided in section
10 II(D) of this memorandum and order.
11 DATED:  August 16, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE