UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALPHALON CORPORATION,

    Plaintiff,

  v.

MEYER CORPORATION, U.S.,

    Defendant.

MEYER CORPORATION, U.S. and MEYER INTELLECTUAL PROPERTIES LIMITED,

    Counterclaimants,

  v.

CALPHALON CORPORATION,

    Counterdefendant.

NO. CIV. S-05-0971 WBS DAD

ORDER RE: MOTION FOR VOLUNTARY DISMISSAL

----oo0oo----

Currently before the court is defendants/counterclaimants Meyer Corportation, U.S. and Meyer Intellectual Properties, Ltd.'s motion to voluntarily dismiss with prejudice counterclaims I, III, IV, and V.  Counterclaimants must show "good cause" before the court will permit them to amend their complaint under Rule 16.  <u>Johnson</u>, 975 F.2d at 609.  Good cause exists to dismiss counterclaims that are unsupported by evidence;

1

such a dismissal promotes judicial economy and will simplify the issues to be presented to the jury.  Moreover, counterdefendant Calphalon does not object to dismissal with prejudice.

Counterdefendant contends that dismissal with prejudice, as a judgment on the merits, would potentially entitle them to an award of costs and attorneys' fees.  However, motions for attorneys' fees and for costs are typically addressed after entry of final judgment.  See E.D. Local Rule 54-293(a) (instructing that motions for attorneys' fees are due within 30 days of entry of final judgment); E.D. Local Rule 54-292(b) (explaining that cost bills are due within 10 days of entry of judgment or order under which costs may be claimed).  Accordingly, the court makes no determination at this time whether counterdefendants are or are not entitled to recover costs and/or attorneys' fees.

Good cause appearing, IT IS THEREFORE ORDERED that defendants/counterclaimants' motion for dismissal of counterclaims I, III, IV and V be, and the same hereby is, GRANTED.  Counterclaims I, III, IV and V are hereby DISMISSED WITH PREJUDICE.  The court specifically reserves the issues of prevailing party status and recovery of attorneys' fees and costs until final judgment has been entered in this matter.

DATED:  June 28, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2