UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALPHALON CORPORATION,

    Plaintiff,

  v.

MEYER CORPORATION, U.S.,

    Defendant.

_____

MEYER CORPORATION, U.S. and MEYER INTELLECTUAL PROPERTIES LIMITED,

    Counterclaimants,

  v.

CALPHALON CORPORATION,

    Counterdefendant.

NO. CIV. S-05-0971 WBS DAD

ORDER RE: DEFENDANT'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING AND PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

----oo0oo----

Currently before the court is defendant Meyer Corporation's request for reconsideration of the Magistrate Judge's ruling to deny defendant's motion to modify the protective order.

1

I.   <u>Factual and Procedural Background</u>

      Plaintiff Calphalon Corporation brought suit against defendant based on allegations of infringement of a design patent for a cookware handle. (Compl.)  On November 14, 2005, Magistrate Judge Drozd signed a protective order submitted and stipulated to by the parties.  (Nov. 14, 2005 Stipulated Protective Order.)  The stipulated protective order covers confidential or proprietary information and specifies that certain confidential information may only be seen by the attorneys.  (<u>Id.</u> at 4.)  Pursuant to the terms of the order, a party who seeks to challenge the protected nature of a document bears the burden of persuasion in demonstrating that the document should not be protected.  (<u>Id.</u> at 7.)  Magistrate Judge Drozd signed the order based on a finding of good cause. (<u>Id.</u> at 13 ("FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.").)

      On May 24, 2006, defendant filed a motion to modify the protective order to allow previously-protected documents to be shown to four of defendant's employees.  Magistrate Judge Drozd heard argument on the motion on June 30, 2006.  At that time, the Magistrate Judge explained that defendant, as the moving party, must demonstrate a reasonable need for the modification of the order, likely referring to the burden of persuasion that was set by the stipulated protective order. (Dickie Decl. Ex. 2 at 2:23-24 (transcript of June 30, 2006 hearing).)  Upon a showing of need by defendant, plaintiff would bear the burden of showing good cause for continued protection of the information.  (<u>Id.</u> at 3:4-5.)  Finally, if plaintiff met this burden, the court would need to balance defendant's need for the information against the

1  risk of injury to plaintiff.  (Id. at 3:5-8.)
2          Defendant initially indicated that the need for the
3  information was for the "purposes of evaluation of settlement
4  possibilities and then preparation of defenses."  (Id. at 6.)
5  Defendant further contended that because the clients did not have
6  access to this limited financial information, it was difficult
7  for the clients to determine what potential damages would be and
8  whether to settle the case.  (Id.)  The Magistrate Judge noted
9  that the statements defendant made were vague, general
10 assertions, with the exception of a somewhat more detailed
11 request to see plaintiff's financial documents in order to
12 prepare for settlement.  (Id. at 3-4.)
13         Plaintiff countered that defendant did not need the
14 information it sought in order to make a damages calculation,
15 because such a calculation would either come from a determination
16 of a reasonable royalty for licensing the invention or from
17 defendant's profits.  (Id. at 7.)  Defendant would not need any
18 information from plaintiff to determine its profits, and
19 plaintiff represented to the court at that time that it had
20 previously disclosed the bulk of the financial documents that
21 defendant claimed it needed to determine what the rate of a
22 reasonable royalty would be.  (Id. at 8-9.)  Moreover, plaintiff
23 contended that it only minimally relied upon the confidential
24 financial information at issue in its own calculation of the
25 potential damages.  (Id. at 7-8, 10.)
26         Taking these arguments into consideration, the
27 Magistrate Judge concluded that because defendant had not made a
28 showing of its reasonable need for modification of the protective

3

order, the motion should be denied.  (Id. at 10.)  Defendant now moves the undersigned to reconsider the Magistrate Judge's ruling on the motion to modify the protective order.

II.   Discussion

A district court reviewing a magistrate judge's ruling on a non-dispositive motion should determine whether the decision was "clearly erroneous" or "contrary to law".  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The Magistrate Judge issued this protective order pursuant to Federal Rule of Civil Procedure 26(c).  Rule 26(c) provides, in pertinent part, that "for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Rule 26(c) also specifically lists trade secrets as an example of an appropriate subject of a protective order.  After a finding of good cause, a court may enter "any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)).

Based on the above standard, the undersigned cannot say that the Magistrate Judge's determination was clearly erroneous or contrary to law.  The protective order was issued upon a determination of good cause having been shown.  Defendant now seeks exemption from the standards set in the protective order stipulated to by the parties.  Although defendant would have plaintiff first bear the burden of showing good cause for continued protection of the information at issue, the Magistrate

Judge found that defendant failed to meet its initial burden of persuasion imposed by the protective order.  If defendant had met its initial burden, the Magistrate Judge would have then correctly imposed the burden of showing good cause for protection on the plaintiff, who was the party seeking to protect the information.  However, as noted, the Magistrate Judge did not need to reach this stage of the analysis given the facts before him.

The court's holding here does not decide whether defendant could have met its burden of persuasion in its motion to modify the protective order.  Further, although discovery in this case is closed and the matter is set for trial, the timing of defendant's renewed motion should not preclude the motion from being heard.[1]

IT IS THEREFORE ORDERED that defendant's motion to reconsider the Magistrate Judge's ruling be, and the same hereby is, DENIED WITHOUT PREJUDICE to the right to seek relief before the Magistrate Judge.  Additionally, the Magistrate Judge shall not regard a renewed motion on these grounds as untimely.

DATED:  August 23, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff requests attorneys' fees in connection with this motion based on defendant's vexatious conduct.  The court does not conclude that defendant's conduct rises to the level of vexatiousness and therefore declines plaintiff's request for attorneys' fees.

5