UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALPHALON CORPORATION,

        Plaintiff,

   v.

MEYER CORPORATION, U.S.,

        Defendant.

---

MEYER CORPORATION, U.S., and MEYER INTELLECTUAL PROPERTIES LIMITED,

        Counterclaimants,

   v.

CALPHALON CORPORATION,

        Counterdefendant.

NO. CIV. S-05-971 WBS DAD

MEMORANDUM AND ORDER RE: <u>CLAIM CONSTRUCTION</u>

----oo0oo----

        Plaintiff Calphalon Corporation brought suit against defendant Meyer Corporation based on allegations of infringement of U.S. Patent No. D482,568 (hereinafter "the '568 patent"), a design patent for a cookware handle. (Compl.) On August 21, 2006, this court held a claim construction hearing to construe the disputed terms of the '568 patent pursuant to <u>Markman v.</u>

1

1  Westview Instruments, Inc., 517 U.S. 370, 372 (1996).  Having
2  carefully reviewed the parties' papers, heard the parties'
3  arguments, and considered the relevant legal authority, the court
4  issues the following claim construction order.
5  I. Discussion
6          This case is set for jury trial on September 12, 2006.
7  Before a jury can decide whether the patent at issue was
8  infringed, however, the court must first construe the relevant
9  patent claims.  OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d
10 1396, 1404 (Fed. Cir. 1997) ("Whether a design patent is
11 infringed is determined by first construing the claim to the
12 design . . . ." (citation omitted)).
13         Unlike claim construction of utility patents, "in the
14 design patent context, . . . the judge's explanation of the
15 design is more complicated because it involves an additional
16 level of abstraction not required when comprehending the matter
17 claimed in a utility patent."  Durling v. Spectrum Furniture Co.,
18 Inc., 101 F.3d 100, 103 (Fed. Cir. 1996) (holding that a district
19 court's vague description of the concept of a design patent
20 provided insufficient detail for the appellate court to "discern
21 the internal reasoning employed by the trial court to reach its
22 decision").  The court's task in construing the claim of a design
23 patent is to verbally describe the depictions of the invention in
24 the design patent in a manner that should "evoke a visual image
25 consonant with the claimed design."  Id. at 104.
26         "Design patents have almost no scope. . . . [I]n all
27 design cases, [the claim] is limited to what is shown in the
28 application drawings."  In re Mann, 861 F.2d 1581, 1582 (Fed.

1  Cir. 1988).  Significantly, the court must construe and identify
2  only the non-functional aspects of the design.  OddzOn Prods.,
3  122 F.3d at 1405 (explaining that the exercise of claim
4  construction "limits the scope of the patent to its overall
5  ornamental visual impression" and not its functional elements).
6  A functional aspect of a design is one that is dictated by the
7  way the object is to be used; it cannot be claimed as a design
8  innovation because it is the only and essential way that the
9  object could be designed.  L.A. Gear, Inc. v. Thom McAn Shoe Co.,
10 988 F.2d 1117, 1123 (Fed. Cir. 1993) ("A design patent is
11 directed to the appearance of an article of manufacture.  An
12 article of manufacture necessarily serves a utilitarian purpose,
13 and the design of a useful article is deemed to be functional
14 when the appearance of the claimed design is 'dictated by' the
15 use or purpose of the article.").

16        The '568 patent, which is at issue here and is appended
17 to this order as Exhibit A, contains only one claim: "[t]he
18 ornamental design for a cookware handle, as shown and described",
19 and additionally includes nine drawings depicting the invention
20 from various perspectives.  The claimed ornamental design is
21 shown by solid line drawings, and the broken lines included in
22 the drawings are not part of the claimed design.

23 II.  Claim Construction

24        Based on the applicable legal standard and the
25 depictions of the invention in the '568 patent, the court
26 construes the '568 patent as follows:

27        The handle claimed by the '568 patent extends from the
28 end of the pan in a serpentine or gently-curved fashion in the

3

shape of a shallowly-drawn "S". The handle is in two segments, circumscribed by a line located approximately 3/8 of the total length from the place where the handle attaches to the pan.[1]

The first segment (the one that begins adjacent to the pan) is generally shaped like an "A". It is relatively wide at its start,[2] bulges out slightly at the beginning of the legs of the "A", and then becomes increasingly narrower until it reaches the end of the segment. At the end of the segment, the "A" has a

---

[1] The brand name "Calphalon" and the rivet holes on the handle are depicted with broken lines, which indicates that they are not part of the claimed invention.
   Relatedly, the patent does not indicate what material the handle is made out of or whether the two segments are made from the same material. Defendant argues that because the shading on the two segments is the same, the drawings indicate that the two segments appear to be fashioned from the same material. Plaintiff counters that the material should not be considered here because "[w]here the material, size, or color are not shown in a design patent, those features are not claimed and cannot be assessed as part of the infringement analysis." (Pl.'s Reply 5.)
   The drawings in the '568 patent include lines on both segments of the handle that help suggest the contours and curves of the handle, particularly on the cylindrical segment. See Manual of Patent Examining Procedure § 608.02(V) (2005) ("Shading is used to indicate the surface or shape of spherical, cylindrical, and conical elements of an object." (emphasis added)). Additionally, the Manual of Patent Examining Procedure specifies how a patentee can indicate that a special surface treatment is used on an invention, and there is no indication that any sort of special surface treatment was used on both segments of the handle here. See id. § 1503.02(IV) ("Surface treatment may either be disclosed with the article to which it is applied or in which it is embodied and must be shown in full lines or in broken lines (if unclaimed) to meet the statutory requirement."). Therefore, the patent does not specify a particular material that must be used in an infringing handle.

[2] The shape of the handle where it attaches to the pan is purely functional, according to both parties' experts. (See Woodring Dep. 14:3-7; Visser Decl. ¶ 6.) Therefore, its shape need not be construed by the court or described herein.

flat (and not pointed) top.  This first segment contains a hole[3] between the legs and bridge of the "A" that is approximately in the shape of a half moon (the portion of the half moon nearest the pan is gently concave, making the shape resemble that of a fat crescent moon) close to the place where it joins the pan.  The second half of the first segment contains another, smaller hole which creates the triangle of the "A" and is approximately in the shape of a bell.  Additionally, because the bottom of this segment is hollowed out, the only material on the underside of the first segment is the outermost edge of the "A".[4]

The second segment is generally shaped as a cylinder but becomes slightly rounder and thicker towards the end.  It

---

[3]  The holes are functional in that they serve the purpose of dissipating heat, but the position and shape of the holes is not "dictated by" this function.  Therefore, the court construes the shape and position of the holes in describing the overall appearance of the design.

[4]  Defendant argues that the cored-out nature of the underside of the first segment is functional.  However, defendant's own expert simply testified that the "underside under the forward portion of the handle is cored out to reduce material usage and cost of manufacture, and directly impacts the structure of the piece."  (Visser Decl. ¶ 9.)  Unlike other features of the invention, defendant's inventor did not describe this feature as "functional".  (Compare Visser Decl. ¶ 9, with id. ¶ 8.)

Plaintiff's expert explains that the cored-out material is not claimed by the patent, by virtue of the fact that it is not present, and that the material could have been removed in a number of different ways, but the decision to carve the material out from the bottom was an aesthetic choice.  (Woodring Dep. 126:16-22.)

These arguments unnecessarily complicate the issue.  The shape of the handle is affected by the choice to core out the underside of the "A", and it would not be an accurate description of the aesthetic shape of the handle to fail to mention that the underside is "cored-out".  Therefore, the court construes the handle by explaining that its shape only includes the outer outline of the "A" on the underside because of the hollowed-out portion.

also contains a hole[5] near the end of the handle that is approximately in the shape of a football with rounded edges, or a ellipse with a flattened top.  This hole is arranged such that the longer diameter of the ellipse is perpendicular to the orientation of the handle.  The hole cuts through the handle at an angle, and the edge of the handle terminates at a similar angle, which is not at a right angle to the top surface of the handle.

       IT IS SO ORDERED.

DATED:  August 23, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[5] As with the other holes on the handle, this hole is not part of the patent claim by virtue of its <u>presence</u> on the handle (it clearly has a functional purpose--it allows the pan to be hung from a hook).  However, the functional purpose does not require a certain <u>shape</u> for the hole, and it is therefore an element of the design patent that the court must construe.

Plaintiff contends that the hanging hole is not a novel invention, because most other cookware handles have holes of various shapes and sizes, and the court does not have to construe it for that reason. However, this hanging hole is at an unusual angle and has a somewhat unusual shape.  Despite citing a vague claim made by its expert about prior art, plaintiff has not shown that the shape of this hole is not novel and not part of the claimed invention.  Therefore, the court construes the shape of the hole as part of the design.

**EXHIBIT A**

US00D482568S

## (12) United States Design Patent
### Demers et al.

(10) Patent No.: **US D482,568 S**
(45) Date of Patent: ** Nov. 25, 2003

(54) **COOKWARE HANDLE**

(75) Inventors: Brian J. Demers, Rossford, OH (US); Lucas D. Kosman, Maumee, OH (US); Kristine M. Sickels, Sylvania, OH (US); Herbert H. Stiles, Whitehouse, OH (US)

(73) Assignee: Calphalon Corporation, Freeport, IL (US)

(**) Term: 14 Years

(21) Appl. No.: 29/175,380

(22) Filed: Feb. 5, 2003

(51) LOC (7) Cl. .................................... 07-02
(52) U.S. Cl. ........................................ D7/395
(58) Field of Search ............... D7/393, 395, 354–361; 16/110.1, 430, 431, 436, DIG. 12, DIG. 18, DIG. 19; 220/573.1–573.5, 752, 753, 759, 769, 770, 771, 912

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 103,055 A | * | 5/1870 | Kinzer ..................... 220/752 |
| 200,033 A | | 2/1878 | Edgar et al. |
| 216,346 A | | 6/1879 | Read |
| 413,640 A | | 10/1889 | Avery |
| 979,847 A | | 12/1910 | Hammond |
| 1,155,792 A | | 10/1915 | Cahn |
| 1,216,309 A | | 2/1917 | Harrison |
| 1,837,109 A | | 12/1931 | Burveniek |
| D140,046 S | * | 1/1945 | Behl ......................... D7/394 |
| 2,815,527 A | | 12/1957 | Hollaway, Jr. et al. |
| 4,209,877 A | | 7/1980 | Coluseni |
| 4,413,767 A | * | 11/1983 | Hellinger ................... D7/393 |
| 4,575,897 A | | 3/1986 | Fischbach |
| 4,680,829 A | | 7/1987 | Baumgarten |
| 4,794,666 A | | 1/1989 | Kim |
| 4,926,521 A | | 5/1990 | Gagnepain |
| 4,965,907 A | | 10/1990 | Baumgarten |
| 5,121,848 A | | 6/1992 | Waligorski |
| D433,278 S | | 11/2000 | Logiudice |
| D442,025 S | | 5/2001 | Roe |
| D446,079 S | | 8/2001 | Roe |
| D447,383 S | | 9/2001 | Rae |
| 6,419,107 B1 | | 7/2002 | Cheng |

* cited by examiner

*Primary Examiner*—Terry A. Wallace
(74) *Attorney, Agent, or Firm*—Foley & Lardner

(57) **CLAIM**

The ornamental design for a cookware handle, as shown and described.

**DESCRIPTION**

FIG. 1 is a top, left and front perspective view of the claimed design;
FIG. 2 is a bottom, right and front perspective view of the claimed design;
FIG. 3 is a top plan view of the claimed design;
FIG. 4 is a bottom plan view of the claimed design;
FIG. 5 is a front view of the claimed design;
FIG. 6 is a rear view of the claimed design;
FIG. 7 is a left side view of the claimed design;
FIG. 8 is a right side view of the claimed design; and,
FIG. 9 is a perspective view of the claimed design in its environment.

The ornamental design which is claimed is shown in solid lines in the drawings. The broken lines in the drawings are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**U.S. Patent**   Nov. 25, 2003   Sheet 1 of 5   US D482,568 S



FIG. 1

**U.S. Patent**  Nov. 25, 2003  Sheet 2 of 5  US D482,568 S



FIG. 2

U.S. Patent    Nov. 25, 2003    Sheet 3 of 5    US D482,568 S



FIG. 3
FIG. 4
FIG. 5
FIG. 6

U.S. Patent    Nov. 25, 2003    Sheet 4 of 5    US D482,568 S

FIG. 7

FIG. 8

U.S. Patent    Nov. 25, 2003    Sheet 5 of 5    US D482,568 S



FIG. 9