1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALPHALON CORPORATION,               NO.  CIV.S-05-0971 WBS DAD

12           Plaintiff,

13      v.                                ORDER

14   MEYER CORPORATION U.S.,

15           Defendant.

16   _____/

17           This matter is before the court on defendant Meyer

18   Corporation's ex parte application for order shortening time.  (Doc.

19   no. 179.)  Defendant seeks leave to notice for hearing before the

20   undersigned a renewed motion to modify a protective order.[1]

21   Plaintiff has filed no opposition to the application; however,

22   plaintiff's counsel has indicated that they are opposed to the

23   granting of the application to a member of the court's staff by way

24   of telephone.  The court's docket indicates that defendant

25   _____

26       [1] Defendant and plaintiff stipulated to the entry of the
     protective order at issue, which was filed on November 15, 2005.

1

1  electronically filed its application last night, September 7, 2006,

2  at 8:32 p.m.  Trial is scheduled to commence on Tuesday, September

3  12, 2006, at 9:00 a.m.

4          The Federal Rules of Civil Procedure allow a court to hear

5  a motion on shortened time "for cause shown."  Fed. R. Civ. P. 6(d).

6  Defendant has failed to demonstrate the required good cause.  On July

7  5, 2006, the undersigned denied defendant's initial motion to modify

8  the protective order.  On August 25, 2006, the assigned district

9  judge denied defendant's request for reconsideration of that order.

10  The request for reconsideration was denied without prejudice to the

11  filing of a renewed motion to modify the protective order to be heard

12  by the undersigned.[2]  Despite that invitation, defendant waited

13  fourteen days, until the eve of trial, before renewing their motion.

14  Such a delay does not amount to "cause shown."  Fed. R. Civ. P. 6(d);

15  see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th

16  Cir. 1992)("Rule 16(b)'s 'good cause' standard primarily considers

17  the diligence of the party seeking the amendment."); Merritt-Chapman

18  & Scott Corp. v. Frazier, 289 F.2d 849, 856 n.10 (9th Cir.

19  1961)(recognizing in dicta that delay is a consideration in

20  evaluating "cause shown").

21          The application for order shortening time before the court

22  also fails to comply with the Local Rules.  Specifically, the

23  application does not contain any explanation as to "the failure of

24  _____

25  [2] In this regard, although discovery in this case is closed, the
district judge instructed that "the time of defendant's renewed
motion should not preclude the motion from being heard."  (Order
26  filed August 25, 2006, at 5.)

1  counsel to obtain a stipulation for the issuance of such an order

2  from other counsel or parties in the action."   L.R.  6-144(e).

3         Finally, looking at the substance of the renewed motion to

4  modify the protective order (Doc. no. 178), the undersigned finds no

5  improvement from defendant's previous showing made in support of the

6  initial attempt to modify the protective order.   In order to justify

7  modifying the protective order, Meyer Corporation would need to

8  demonstrate a reasonable need for showing the protected documents to

9  its four employees.   See Stipulated Protective Order filed November

10  15, 2005 at 7 ("[t]he burden of persuasion in any such challenge

11  proceeding shall be on the Designating Party"); see also Int'l Ins.

12  Co. v. Beckman Indus., Inc., 966 F.2d 470, 475 (9th Cir. 1992);

13  Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P., 214

14  F.R.D. 583, 586 (C.D. Cal. 2003).[3]   However, despite the court's

15  invitation to take a third bite at the apple, defendant Meyer

16  Corporation has mustered only a vague and conclusory assertion that

17  it needs to show scores of protected documents to its employees "to

18  allow Meyer to adequately prepare its four key witnesses ... for the

19  quickly approaching trial."   (Renewed Mot. filed Sept. 7, 2006, at

20  3.)   This perfunctory assertion fails to demonstrate a reasonable

21  need for disclosing the materials in question.[4]   For these reasons,

22

23     [3] Defendant's motion offers no discussion of the legal standards
applicable to a motion to modify a protective order.

24     [4] The court understands that the documents have been listed in
the Final Pretrial Order as trial exhibits to be used by the parties.
25  Nonetheless, the nature of the various documents and the role they
may play at trial was not addressed by defendant in their moving
26  papers nor is it at all clear to the undersigned.

3

1  it appears that the motion to modify the protective order lacks merit

2  in any event.

3        For these reasons, defendant's application for order

4  shortening time is DENIED and the renewed motion for protective order

5  will not be placed on the court's calendar.

6  DATED: September 8, 2006.

7

8  _____
   DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE
9

10 DAD:th
   Ddad1\orders.civil\calphalon.ost.po.deny.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4