UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALPHALON CORPORATION,

        Plaintiff,

   v.

NO. CIV. S-05-0971 WBS DAD

ORDER RE: MOTION FOR NEW TRIAL

MEYER CORPORATION, U.S.,

        Defendant.

MEYER CORPORATION, U.S. and MEYER INTELLECTUAL PROPERTIES LIMITED,

        Counterclaimants,

   v.

CALPHALON CORPORATION,

        Counterdefendant.

----oo0oo----

        On June 15, 2007, this court entered judgment in favor of defendant Meyer Corporation, U.S. ("Meyer") on a jury verdict of non-infringement.  Plaintiff Calphalon Corporation ("Calphalon") now seeks to vacate and set aside that judgment and

1

requests a new trial pursuant to Federal Rule of Civil Procedure 59(a) and Local Rule 59-291.

Federal Rule of Civil Procedure 7(b) requires that all motions filed with the court detail with sufficient "particularity the grounds therefor." The specificity requirement of Rule 7(b) has generally been interpreted liberally. See Intera Corp. v. Henderson, 428 F.3d 605, 613 (6th Cir. 2005); see also Roy v. Volkswagenwerk Aktiengesellschaft, 781 F.2d 670, 670-71 (9th Cir. 1985). However, at a minimum, it must be applied so as to provide the opposing party with sufficient information to respond, and the court with sufficient information to rule on the motion. Registration Control Sys., Inc. v. Compusystems, Inc., 922 F.2d 805, 808 (Fed. Cir. 1990). It is for this reason that this court's Local Rule requires that motions for a new trial "state with specific reference to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of evidence, the particulars thereof . . . ." L. R. 59-291 (emphasis added).

Plaintiff's motion for a new trial asserts that: 1) the court committed prejudicial error by making incorrect evidentiary rulings; 2) the court committed prejudicial error by allowing defendant to make improper legal arguments; 3) the court committed prejudicial error by offering legally incorrect jury instructions; and 4) the jury's verdict was contrary to the weight of the evidence. (Mot. for New Trial 2-17.) Within those particular arguments, plaintiff raises numerous specific examples of each; i.e. plaintiff offers five purportedly incorrect

evidentiary rulings, five lines of argumentation that the court should have prohibited, and four specific jury instructions that were supposedly improper.  (Id.)  While plaintiff has thus made clear the "particular errors of law claimed," plaintiff's seventeen page motion does not contain a single citation to any part of the record of the eight-day trial.

At this point, it is not possible for the court to connect the errors asserted by plaintiff with the corresponding actions and rulings of the court.  However, the court is aware that plaintiff has requested from the court reporter a copy of the trial transcript, but as of yet has not been provided with one.  Accordingly, the court will permit plaintiff to file an amended motion for a new trial, after having a reasonable amount of time to obtain the trial transcript and supplement its motion appropriately.  See Roy, 781 F.2d at 670-71 (noting that it is permissible for a district court to allow a party to supplement a timely filed motion for a new trial in order to provide "sufficient particularity") (citing Pogue v. Int'l Indus., Inc., 524 F.2d 342 (6th Cir.1975); 6A Moore's Federal Practice ¶ 59.09(2) at 59-204-209); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (noting that the authority to grant or deny a new trial is confided "almost entirely to the exercise of discretion on the part of the trial court").
///
///
///
///
///

1   IT IS THEREFORE ORDERED that Calphalon is hereby given
2 ninety days from the date of service of this order to notice,
3 file and serve an amended motion for a new trial consistent with
4 the requirements set forth herein.
5 DATED: August 2, 2007

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE